UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**Case No. 05-22228-CIV-COHN**

**ROBERT PATTON,**

      Petitioner,

vs.

**KENNETH S. TUCKER,** Secretary,
Florida Department of Corrections,[1]

      Respondent.

_____/

## **ORDER**

      **THIS CAUSE** is before the Court on Petitioner's Motion for Issuance of CJA 30 Voucher

for Purposes of Preparation of and Representation During Application for Executive Clemency.

("Motion") [DE 28] and Response in Opposition to Motion for Issuance of a CJA Voucher

[DE 29].   On August 31, 2006, the Court denied Mr. Patton's petition for writ of habeas corpus.

[DE 16].   On August 2, 2007, the Eleventh Circuit Court of Appeals denied an application for a

Certificate of Appealability. [DE 25].   Almost five years later, Mr. Patton appears to be seeking

executive clemency from the Governor of the State of Florida and would like the federal

government to appoint him counsel and provide compensation for such proceedings.  The Court

has carefully reviewed the Motion and is otherwise fully advised in the premises.  For the reasons

that follow, the Motion is denied.

      Petitioner has requested that the Court "direct the issuance of a CJA-30 Voucher to Todd

---

[1] Kenneth S. Tucker is now the proper respondent in this proceeding.  Tucker should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

G. Scher for purposes of representing petitioner in state clemency proceedings, in accordance with 18 U.S.C. §3599 and *Harbison v. Bell*, 556 U.S. 180 (2009)." ([DE 28] at 4). In support of his Motion, Petitioner has provided the Court with two documents. These two documents show that Petitioner requested and was *granted* court-appointed counsel to represent him during his executive clemency proceedings. ([DE 28-1, 28-2]). However, Petitioner later states in the Motion that the appointment was vacated on May 16, 2012. Petitioner did not provide the Court with any documentation showing the appointment was vacated. Furthermore, the factual basis for the relief requested is that "[i]t is the undersigned's understanding that the Public Defender's Office offered the undersigned's name to the state court as an available counsel but the Attorney General's Office objected to the undersigned's appointment, contending that state law prevented the appointment because undersigned represented Petitioner in his state postconviction litigation while still an employee of CCRC-South." ([DE 28] at 3). Petitioner provides the Court with no further information regarding the disposition of his request for clemency counsel in the state court, other than to say that the Attorney General's Office objected. Accordingly, the Court is unaware if Petitioner is unrepresented at this stage of his clemency proceedings or if he is simply not represented by Mr. Scher. As such, the Motion is not supported by a factual basis sufficient to analyze his request, let alone, grant relief.

Petitioner is correct that *Harbison* held that §3599 authorizes federally-appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation. However, *Harbison* is factually distinguishable from Petitioner, in that the State of Tennessee does not provide for court-appointed counsel to represent indigent clients in clemency proceedings. The State of Florida does.

2

When direct appellate proceedings prosecuted by a public defender on behalf of an accused and challenging a judgment of conviction and sentence of death terminate in an affirmance of such conviction and sentence, whether by the Florida Supreme Court or by the United States Supreme Court or by expiration of any deadline for filing such appeal in a state or federal court, the public defender shall notify the accused of his or her rights pursuant to Rule 3.850, Florida Rules of Criminal Procedure, including any time limits pertinent thereto, and shall advise such person that representation in any collateral proceedings is the responsibility of the capital collateral regional counsel. The public defender shall then forward all original files on the matter to the capital collateral regional counsel, retaining such copies for his or her files as may be desired. *However, the trial court shall retain the power to appoint the public defender or other attorney not employed by the capital collateral regional counsel to represent such person in proceedings for relief by executive clemency pursuant to ss. 27.40 and 27.5303.*

See FLA. STAT.  27.1(5)(a)(emphasis added).    Therefore, it is unlikely that Petitioner would be

entitled to federally funded clemency counsel, even if his Motion had been sufficiently pled, because

*Harbison* expressly found that "subsection (a)(2) provides for counsel *only* when a state petitioner

is unable to obtain adequate representation." *Harbison,* 556 U.S. at 1488(emphasis added); *see also*

*Irick v. Bell,* 636 F.3d 289, 291 (6th. Cir. 2011)("we decline to obligate the federal government to

pay for counsel in state proceedings where the state itself has assumed that obligation."); *see also*

*Bey v. Bagley*, 301 Fed. Appx. 442 (6th Cir. 2008)("But even if the Supreme Court were to overturn

our holding in *Harbison*, the issue as certified to the Court in that case is whether § 3599 provides

a right to federally funded counsel in state clemency proceedings *when the state has refused or failed*

*to provide counsel.*")(emphasis in original).    Since Petitioner is "able" to obtain adequate

representation pursuant to state law, he should not qualify for federally appointed and compensated

counsel for his state clemency proceedings.[2] However, since the Motion lacks sufficient information

---

[2] It certainly may change the analysis if Petitioner was "able" to receive adequate clemency counsel under Florida law but the state court, at its discretion, denied his request for the appointment.  That is not the current scenario before the Court.  At best, the Motion asserts the state court denied Petitioner the counsel of his choosing.  This is an entirely different issue.

3

to reach a merits determination, it is denied without prejudice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this /4 th day of June,

2012.

**JAMES I. COHN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record